FRED W. JONES, Jr., Judge.
Leona Gordon Gamm Oettinger sued Albert Oettinger for the partition of property allegedly belonging to their community of acquets and gains which was dissolved on July 27, 1978. The defendant answered and reconvened, seeking reimbursement of separate funds and payment for enhancement of Mrs. Oettinger’s separate estate. Oettinger also asserted the unconstitutionality of various pre-1980 matrimonial regime laws.
The trial judge ruled that all assets in Oettinger’s possession on July 27, 1978 belonged to the community, except some shares of stock that Oettinger acquired before the marriage; that the community should reimburse Oettinger for separate funds invested for the benefit of the community; that all assets in the possession of Mrs. Oettinger on July 27,1978 belonged to her separate estate; and that all costs should be assessed against the community.
Oettinger appealed, contending that (1) La.C.C. Article 2386 violated the equal protection clause of the 14th Amendment to the U.S. Constitution in that it allowed a wife but not a husband to file a declaration of paraphernality; (2) the “double declaration” [1] rule also violates the same clause of the 14th Amendment because it places a greater burden on the husband than the wife to establish separate property; and (3) application of Act 709 of 1979[2] should be employed to eliminate the “double declaration” rule.
For the reasons hereinafter explained, we affirm the judgment of the district court.
The facts of this case are undisputed. The Oettingers, each of whom had been previously married, were married on November 23, 1967. Each had substantial assets prior to this marriage.
On November 14, 1967 and again on December 19,1967, Mrs. Oettinger filed decla *877 rations of paraphernality under then La. C.C. Article 2386. Oettinger was unaware of either declaration.
It is apparent from the record evidence that during their marriage the parties attempted to maintain their finances separately. Oettinger gave his wife an allowance to defray part of the expense of operating their household. Their dwelling belonged to Mrs. Oettinger’s separate estate. They never made any major purchase jointly nor did they invest together.
Assets possessed by Oettinger at the dissolution of the community were purchased with money held in his personal checking account. Funds from various sources were placed in this account, including the following: $235,150 drawn from his business as salary; money derived from the sale of stock belonging to his separate estate; proceeds from investments.
Oettinger argues that he kept careful records of all money going into and out of this bank account and that it is possible to distinguish between community and separate funds. We agree with the trial judge, however, that the funds in this account were co-mingled to the extent that they became indistinguishable. Consequently, this checking account must be characterized as belonging to the community and any purchases made therewith belonged to the community. Gregory v. Gregory, 223 So.2d 238 (La.App. 3rd Cir. 1969); Odom v. Odom, 121 So.2d 8 (La. App. 2d Cir.1960).
In light of this holding, it is unnecessary to discuss Oettinger’s contentions concerning his heavier burden of proof, the unconstitutionality of the “double declaration” rule, or the suggested retroactivity of Act 709 of 1979.
Addressing the status of the property held by Mrs. Oettinger on July 27, 1978, it is clear that the application of then La.C.C. Article 2386 and the declarations of para-phernality filed by Mrs. Oettinger resulted in the classification of the fruits of her separate property as belonging to her separate estate. Conversely, our law provided no such option to Oettinger.
La.C.C. Article 2386 stipulated:
Article 2386. The fruits of the para-phernal property of the wife, wherever the property be located and however administered, whether natural, civil, including interest, dividends and rents, or from the result of labor, fall into the conjugal partnership, if there exists a community of acquets and gains; unless the wife, by written instrument, shall declare that she reserves all of such fruits for her own separate use and benefit and her intention to administer such property separately and alone. The said instrument shall be executed before a Notary Public and two witnesses and duly recorded in the Conveyance Records of the Parish where the community is domiciled.
If there is no community of gains, each party enjoys, as he chooses, that which comes to his hand; but the fruits and revenues which are existing at the dissolution of the marriage, belong to the owner of the things which produce them. [Repealed by Act 709 of 1980]
The issue posed is as follows: was this article unconstitutional (violative of equal protection clause of 14th Amendment) insofar as it permitted the wife but not the husband to unilaterally prevent the fruits of her paraphernal property from becoming community property?
“To withstand scrutiny under the Equal Protection Clause, classifications by gender must serve important governmental objectives and must be substantially related to achievement of those objectives.” Orr v. Orr, 440 U.S. 268, 269, 99 S.Ct. 1102, 1106, 59 L.Ed.2d 306 (1979). Scrutiny of gender based classifications is an intermediate test which takes a closer look than the “minimum rationality” test but falls short of the strict scrutiny given suspect classifications.
The intermediate test has both upheld and struck down statutes, unlike the “minimum rationality” test which invariably upholds the statute in question and the “strict scrutiny” test which usually strikes down the statute involved. Some gender based *878 classifications which have been nullified include: a law which made the legal drinking age for males 21 and females 18, Craig v. Boren, 429 U.S. 190, 97 S.Ct. 451, 50 L.Ed.2d 397 (1976); a law which made the age of majority for females 18 and males 21, Stanton v. Stanton, 421 U.S. 7, 95 S.Ct. 1373, 43 L.Ed.2d 688 (1975); a law which preferred men as administrators of estates, Reed v. Reed, 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971); a law which presumed the female spouse of an Air Force officer to be dependent and presumed the male spouse of an Air Force officer to be independent, Frontiero v. Richardson, 411 U.S. 677, 93 S.Ct. 1764, 36 L.Ed.2d 583 (1973); a law which only provided alimony for wives, Orr v. Orr, supra; and the Louisiana “head and master” law which allowed a husband to unilaterally mortgage the family home without according the wife the same right, Kirchberg v. Feenstra, 450 U.S. 455, 101 S.Ct. 1195, 67 L.Ed.2d 428 (1981).
Some gender based classifications which have been upheld include: a criminal statute which punishes men and not women for statutory rape, Michael M. v. Superior Court of Sonoma County, 450 U.S. 464, 101 S.Ct. 1200, 67 L.Ed.2d 437 (1981); a law precluding a father who has not legitimated a child from suing for the wrongful death of the child, Parham v. Hughes, 441 U.S. 347, 99 S.Ct. 1742, 60 L.Ed.2d 269 (1979); a statute which allows women a longer period of time to make mandatory promotions, Schlesinger v. Ballard, 419 U.S. 498, 95 S.Ct. 572, 42 L.Ed.2d 610 (1975); a statute which grants widows but not widowers a property tax exemption, Kahn v. Shevin, 416 U.S. 351, 94 S.Ct. 1734, 40 L.Ed.2d 189 (1974); a law which requires men but not women to register for the draft, Rostker v. Goldberg, 453 U.S. 57, 101 S.Ct. 2646, 69 L.Ed.2d 478.(1981); and a statute allowing women to eliminate low-earning years from calculation of Social Security retirement benefits, Califano v. Webster, 430 U.S. 313, 97 S.Ct. 1192, 51 L.Ed.2d 360 (1977).
In the case before us, the declaration of paraphernality is a means that is substantially related to the important state interest of allowing wives an opportunity to manage their own separate property on an equal basis with their husbands. While other means may have been better, our role is not to supplant the legislature’s judgment with our own. Strict tailoring of the means to the end is required in laws employing “suspect classifications” but not statutes utilizing gender based classifications.
Civil Code Article 2386 as amended by Act 286 of 1944 allowed the wife opportunity to manage her own separate property and the fruits of her separate property just as her husband was allowed to do. The classification of the fruits of the wife’s separate property as separate was a means whereby she was allowed management of fruits which would normally fall under her husband’s management as “head and master” of the community. Consequently, we do not declare a law which attempts to establish parity between a wife and her husband unconstitutional.
We find the cases of Kahn v. Shevin, supra, and Califano v. Webster, supra, particularly convincing. In both cases an inequity in treatment was remedied in part by a law favoring the class who had been subjected to disadvantage. In both cases the law was upheld even though it did not solve the whole problem and benefited some who had not suffered.
Therefore, we affirm the trial court judgment and assess all costs of this appeal to appellant.

. "The double declaration requirement, 'well-established' in our law, makes it necessary that conveyances of immovable property, to the husband for a recited consideration during the existence of the community, contain recitations that the property is acquired (1) with his separate funds and (2) for his separate use and administration, as a prerequisite to his later proving that the property is not community, but separate. In the absence of the double declaration, property so acquired by the husband is conclusively presumed to be community.” Barnett v. Barnett, 339 So.2d 495, 496 (La.App. 2d Cir.1976), writ refused 341 So.2d 1127 (La.1977).

. Act 709 of 1979, effective January 1, 1980, substantially revised Louisiana matrimonial regimes law. This act was passed upon recommendation of the Joint Legislative Subcommittee on Equal Management, its Advisory Committee, and the Louisiana State Law Institute.