OCTOBER 21, 1985

No. 84–2011. OETTINGER *v.* OETTINGER. Appeal from Ct. App. La., 2d Cir., dismissed for want of substantial federal question.

JUSTICE WHITE, with whom JUSTICE BRENNAN joins, dissenting.

Appellant Albert Oettinger and appellee Leona Gordon Oettinger were married in Louisiana in 1967. Both had been married before, and both had substantial property of their own at the time of the marriage. Unbeknownst to appellant, at the time of the marriage appellee recorded a declaration of paraphernality under the authority of Article 2386 of the Louisiana Civil Code. This declaration allowed a wife to reserve for herself any fruits from her paraphernal property (nondotal property she brought into the marriage); it also gave her the right to manage such property and the fruits from such property. See La. Civ. Code Ann., Art.

2386 (West 1971).* Under the Louisiana marital property laws in effect at that time, the husband would, absent such a declaration, have the right to manage the fruits of the wife's paraphernal property, and those fruits would thus normally fall into the community property. See La. Civ. Code Ann., Arts. 2402, 2404 (West 1971).

Under Louisiana law at that time, no similar provision existed for the husband. For a husband to reserve the fruits of his separate property to himself, he had to *prove* that they were separate property; a simple declaration was not possible for him. See La. Civ. Code Ann., Art. 2405 (West 1971). Thus, although a husband had the right to manage his separate property (because he had the right under law, with certain exceptions, to manage all separate and community property), the fruits from that property that accrued during the marriage would normally become community property.

During their marriage, appellant and appellee attempted to maintain their finances separately. In 1980, they were divorced. In 1982, appellee sued for a partition of former community property and for settlement of the former community. Appellant, mindful of this Court's recent gender-discrimination decisions, see, *e. g.*, *Orr* v. *Orr*, 440 U. S. 268 (1979), challenged inclusion in the community of the property that he had brought into the marriage and of the fruits from that property on the ground that the Louisiana Civil Code provision that allowed the wife but not the husband to reserve the fruits of such property to herself by a mere declaration of paraphernality was an unconstitutional denial of equal protection. That provision, Article 2386, had been repealed by the

---

*Article 2386 stated:

"The fruits of the paraphernal property of the wife, wherever the property be located and however administered, whether natural, civil, including interest, dividends and rents, or from the result of labor, fall into the conjugal partnership, if there exists a community of acquets and gains; unless the wife, by written instrument, shall declare that she reserves all of such fruits for her own separate use and benefit and her intention to administer such property separately and alone. The said instrument shall be executed before a Notary Public and two witnesses and duly recorded in the Conveyance Records of the Parish where the community is domiciled.

"If there is no community of gains, each party enjoys, as he chooses, that which comes to his hand; but the fruits and revenues which are existing at the dissolution of the marriage, belong to the owner of the things which produce them."

Louisiana Legislature in 1979, but appellee's declaration effected under it in 1967 remained valid.

The state trial court considered and rejected appellant's constitutional argument. The trial court noted that the laws effective in 1967 gave the husband, without any action on his part or his wife's part, the ability to manage the community property, his separate property, and her separate property. Although the law did discriminate on the basis of sex, the trial court held that the paraphernality provision was substantially related to important governmental objectives. Specifically, the trial court held that the purpose of Article 2386 had been to "suppl[y] the wife with a limited degree of protection with respect to her separate property against her husband." App. to Juris. Statement B–3.

On appeal from this decision, the Louisiana Court of Appeal cited the legal standard set forth by this Court for addressing gender-discrimination cases, i. e., a gender classification must be substantially related to an important governmental interest, noted the various gender-discrimination cases of this Court—some of which upheld gender-based classifications and some of which struck them down—and concluded that the challenged provision was substantially related to the important state interest of "allowing wives an opportunity to manage their own separate property on an equal basis with their husbands." 463 So. 2d 875, 878 (1985). The Court of Appeal concluded that any law attempting to equalize the status of wives and husbands could not be unconstitutional. The Supreme Court of Louisiana denied appellant's application for a writ of certiorari. 466 So. 2d 467 (1985).

In his jurisdictional statement, appellant again asserts that the application of former Article 2386 constitutes a violation of equal protection. I believe that this argument presents a substantial federal question. Article 2386 treated husbands and wives differently. The only justification for this differential treatment that appears in the record was that of allowing the wife some parity in the management of her separate property. To begin with, this justification assumes that the overall statutory scheme governing the management of marital property, under which the husband is the automatic manager of all property owned by the spouses together or separately, is seriously suspect under our prior decisions in this area. See, e. g., Kirchberg v. Feenstra, 450 U. S. 455 (1981); Orr v. Orr, supra. I believe that there is

a substantial federal question as to whether a facially discriminatory provision may be justified on the ground that it is a remedial exception to an overall statutory scheme that is constitutionally defective. See *Parham* v. *Hughes*, 441 U. S. 347, 361–368 (1979) (WHITE, J., dissenting).

Further, I do not see that such a justification, even assuming its validity, can support a provision that enables a wife not only to manage the fruits of her paraphernal property but also to keep those fruits separate from the community property with a mere declaration, which latter ability is not given to her husband. I thus believe that there is also a substantial question as to whether the justification, even if valid, is adequately tailored to the asserted governmental interest.

Nor do I believe that the fact that Article 2386 is no longer in effect should prevent our considering this issue. Although it has been repealed, former Article 2386 remains relevant with respect to declarations filed before that date. Further, we have previously considered the application of a statutory scheme which had been repealed prior to our decision. See, *e. g.*, *Kirchberg*, *supra*, at 459, n. 6. I do not believe that this fact renders the federal question presented by this case insubstantial. Consequently, I would note probable jurisdiction.