## KIRCHBERG *v.* FEENSTRA ET AL.

No. 79–1388.   Argued December 10, 1980—Decided March 23, 1981

456

Marshall, J., delivered the opinion of the Court, in which Burger, C. J., and Brennan, White, Blackmun, Powell, and Stevens, JJ., joined. Stewart, J., filed an opinion concurring in the result, in which Rehnquist, J., joined, *post*, p. 463.

*Alan Ford Schoenberger* argued the cause *pro hac vice* for appellant. With him on the brief was *Karl J. Kirchberg, pro se.*

*Barbara Hausman-Smith* argued the cause and filed a brief for appellee Feenstra.*

Justice Marshall delivered the opinion of the Court.

In this appeal we consider the constitutionality of a now superseded Louisiana statute that gave a husband, as "head and master" of property jointly owned with his wife, the unilateral right to dispose of such property without his spouse's consent. Concluding that the provision violates the Equal Protection Clause of the Fourteenth Amendment, we affirm the judgment of the Court of Appeals for the Fifth Circuit invalidating the statute.

I

In 1974, appellee Joan Feenstra filed a criminal complaint against her husband, Harold Feenstra, charging him with molesting their minor daughter. While incarcerated on that

---

*\*Sybil H. Pollet* and *Phyllis N. Segal* filed a brief for the NOW Legal Defense and Education Fund et al. as *amici curiae* urging affirmance.

charge, Mr. Feenstra retained appellant Karl Kirchberg, an attorney, to represent him. Mr. Feenstra signed a $3,000 promissory note in prepayment for legal services to be performed by appellant Kirchberg. As security on this note, Mr. Feenstra executed a mortgage in favor of appellant on the home he jointly owned with his wife. Mrs. Feenstra was not informed of the mortgage, and her consent was not required because a state statute, former Art. 2404 of the Louisiana Civil Code Ann. (West 1971), gave her husband exclusive control over the disposition of community property.[1]

Mrs. Feenstra eventually dropped the charge against her husband. He did not return home, but instead obtained a legal separation from his wife and moved out of the State. Mrs. Feenstra first learned of the existence of the mortgage in 1976, when appellant Kirchberg threatened to foreclose on her home unless she paid him the amount outstanding on the promissory note executed by her husband. After Mrs. Feenstra refused to pay the obligation, Kirchberg obtained an order of executory process directing the local sheriff to seize and sell the Feenstra home.

Anticipating Mrs. Feenstra's defense to the foreclosure action, Kirchberg in March 1976 filed this action in the United States District Court for the Eastern District of Louisiana, seeking a declaratory judgment against Mrs. Feenstra that he was not liable under the Truth in Lending Act, 15 U. S. C. § 1601 et seq., for any nondisclosures concerning the mortgage he held on the Feenstra home. In her answer to Kirchberg's complaint, Mrs. Feenstra alleged as a counterclaim that Kirchberg has violated the Act, but also included a second counter-

---

[1] Article 2404, in effect at the time Mr. Feenstra executed the mortgage in favor of appellant, provided in pertinent part:

"The husband is the head and master of the partnership or community of gains; he administers its effects, disposes of the revenues which they produce, and may alienate them by an onerous title, without the consent and permission of his wife."

This provision has been repealed. See infra, at 458, and nn. 3 and 4.

458

claim challenging the constitutionality of the statutory scheme that empowered her husband unilaterally to execute a mortgage on their jointly owned home. The State of Louisiana and its Governor were joined as third-party defendants on the constitutional counterclaim. The governmental parties, joined by appellant, moved for summary judgment on this claim. The District Court, characterizing Mrs. Feenstra's counterclaim as an attack on "the bedrock of Louisiana's community property system," granted the State's motion for summary judgment. 430 F. Supp. 642, 644 (1977).[2]

While Mrs. Feenstra's appeal from the District Court's order was pending before the Court of Appeals for the Fifth Circuit, the Louisiana Legislature completely revised its code provisions relating to community property. In so doing, the State abandoned the "head and master" concept embodied in Art. 2404, and instead granted spouses equal control over the disposition of community property. La. Civ. Code Ann., Art. 2346 (West Supp. 1981).[3] The new code also provided that community immovables could not be alienated, leased, or otherwise encumbered without the concurrence of both spouses. La. Civ. Code Ann., Art. 2347 (West Supp. 1981).[4] These provisions, however, did not take effect until January 1, 1980, and the Court of Appeals was therefore required to consider whether Art. 2404, the Civil Code provision which had authorized Mr. Feenstra to mortgage his home in 1974 without his wife's knowledge or consent, violated the Equal Protection Clause of the Fourteenth Amendment.

---

[2] After the District Court granted summary judgment against appellee Feenstra on her constitutional challenge to the head and master statute, she and appellant Kirchberg agreed to the dismissal with prejudice of their Truth in Lending Act claims.

[3] Article 2346 provides that "[e]ach spouse acting alone may manage, control, or dispose of community property unless otherwise provided by law."

[4] However, either spouse may renounce his or her right to concur in the disposition of community immovables. La. Civ. Code Ann., Art. 2348 (West Supp. 1981).

Because this provision explicitly discriminated on the basis of gender, the Court of Appeals properly inquired whether the statutory grant to the husband of exclusive control over disposition of community property was substantially related to the achievement of an important governmental objective. See, e. g., Wengler v. Druggist Mutual Ins. Co., 446 U. S. 142 (1980); Craig v. Boren, 429 U. S. 190 (1976). The court noted that the State had advanced only one justification for the provision—that "[o]ne of the two spouses has to be designated as the manager of the community." [5] The court agreed that the State had an interest in defining the manner in which community property was to be managed, but found that the State had failed to show why the mandatory designation of the husband as manager of the property was necessary to further that interest. The court therefore concluded that Art. 2404 violated the Equal Protection Clause. However, because the court believed that a retroactive application of its decision "would create a substantial hardship with respect to property rights and obligations within the State of Louisiana," the decision was limited to prospective application. 609 F. 2d 727, 735–736 (1979). Only Kirchberg appealed the judgment of the Court of Appeals to this Court. We noted probable jurisdiction. 446 U. S. 917 (1980).[6]

## II

By granting the husband exclusive control over the disposition of community property, Art. 2404 clearly embodies the

[5] This assertion was made in the State's brief before the Court of Appeals. 609 F. 2d 727, 735 (1979).

[6] The State and the Governor, as appellees, subsequently filed a motion to dismiss Kirchberg's appeal on the ground that extensive revisions in the State's community property law, see supra, at 458, and nn. 3 and 4, had rendered moot the controversy over the constitutionality of Art. 2404. However, because these legislative changes were effective only as of January 1, 1980, they do not govern the mortgage executed by Mr. Feenstra in 1974. The suggestion of mootness was therefore rejected. 449 U. S. 916 (1980).

type of express gender-based discrimination that we have found unconstitutional absent a showing that the classification is tailored to further an important governmental interest. In defending the constitutionality of Art. 2404, appellant Kirchberg does not claim that the provision serves any such interest.[7] Instead, appellant attempts to distinguish this Court's decisions in cases such as *Craig* v. *Boren, supra,* and *Orr* v. *Orr,* 440 U. S. 268 (1979), which struck down similar gender-based statutory classifications, by arguing that appellee Feenstra, as opposed to the disadvantaged individuals in those cases, could have taken steps to avoid the discriminatory impact of Art. 2404. Appellant notes that under Art. 2334 of the Louisiana Civil Code, in effect at the time Mr. Feenstra executed the mortgage, Mrs. Feenstra could have made a "declaration by authentic act" prohibiting her husband from executing a mortgage on her home without her consent.[8] By failing to take advantage of this procedure, Mrs. Feenstra, in appellant's view, became the "architect of

---

[7] Nor will this Court speculate about the existence of such a justification. "The burden . . . is on those defending the discrimination to make out the claimed justification . . . ." *Wengler* v. *Druggist Mutual Ins. Co.,* 446 U. S. 142, 151 (1980). We note, however, that the failure of the State to appeal from the decision of the Court of Appeals and the decision of the Louisiana Legislature to replace Art. 2404 with a gender-neutral statute, suggest that appellant would be hard pressed to show that the challenged provision substantially furthered an important governmental interest.

[8] Article 2334, as it existed in 1974, provided:

"Where the title to immovable property stands in the names of both the husband and the wife, it may not be leased, mortgaged or sold by the husband without the wife's consent where she has made a declaration by authentic act that her authority and consent are required for such lease, sale or mortgage and has filed such a declaration in the mortgage and conveyance records of the parish in which the property is situated."

This Article has been replaced with a new code provision prohibiting either spouse from alienating or encumbering community immovables without the consent of the other spouse. See n. 3, *supra.*

her own predicament" and therefore should not be heard to complain of the discriminatory impact of Art. 2404.

By focusing on steps that Mrs. Feenstra could have taken to preclude her husband from mortgaging their home without her consent, however, appellant overlooks the critical question: Whether Art. 2404 substantially furthers an important government interest. As we have previously noted, the "absence of an insurmountable barrier" will not redeem an otherwise unconstitutionally discriminatory law. *Trimble* v. *Gordon,* 430 U. S. 762, 774 (1977). See *Frontiero* v. *Richardson,* 411 U. S. 677 (1973). Cf. *Taylor* v. *Louisiana,* 419 U. S. 522 (1975); *Reed* v *Reed,* 404 U. S. 71 (1971). Instead the burden remains on the party seeking to uphold a statute that expressly discriminates on the basis of sex to advance an "exceedingly persuasive justification" for the challenged classification. *Personnel Administrator of Mass.* v. *Feeney,* 442 U. S. 256, 273 (1979). See also *Wengler* v. *Druggist Mutual Ins. Co., supra,* at 151. Because appellant has failed to offer such a justification, and because the State, by declining to appeal from the decision below, has apparently abandoned any claim that an important government objective was served by the statute, we affirm the judgment of the Court of Appeals invalidating Art. 2404.[9]

### III

Appellant's final contention is that even if Art. 2404 violates the Equal Protection Clause of the Fourteenth Amendment, the mortgage he holds on the Feenstra home is none-

---

[9] In so ruling, we also reject appellant's secondary argument that the constitutional challenge to Art. 2404 should be rejected because the provision was an integral part of the State's community property law and its invalidation would call into question the constitutionality of related provisions of the Louisiana Civil Code. The issue before us is not whether the State's community property law, as it existed in 1974, could have functioned without Art. 2404, but rather whether that provision unconstitutionally discriminated on the basis of sex.

theless valid because the Court of Appeals limited its ruling to prospective application. Appellant asserts that the opinion of the Court of Appeals is ambiguous on whether the court intended to apply its prospective ruling to his mortgage, which was executed in 1974, or only to those dispositions of community property made pursuant to Art. 2404 between December 12, 1979, the date of the court's decision, and January 1, 1980, the effective date of Louisiana's new community property law. Appellant urges this Court to adopt the latter interpretation on the ground that a contrary decision would create grave uncertainties concerning the validity of mortgages executed unilaterally by husbands between 1974 and the date of the Court of Appeals' decision.

We decline to address appellant's concerns about the potential impact of the Court of Appeals' decision on other mortgages executed pursuant to Art. 2404. The only question properly before us is whether the decision of the Court of Appeals applies to the mortgage in this case, and on that issue we find no ambiguity.[10] This case arose not from any abstract disagreement between the parties over the constitutionality of Art. 2404, but from appellant's attempt to foreclose on the mortgage he held on the Feenstra home. Appellant brought this declaratory judgment action to further that end, and the counterclaim asserted by Mrs. Feenstra specifically sought as relief "a declaratory judgment that the mortgage executed on [her] home by her husband . . . is void as having been executed and recorded without her consent pursuant to an unconstitutional state statute." Thus, the dispute between the parties at its core involves the validity of a single

---

[10] Indeed, appellant's view that some ambiguity exists concerning the applicability of the Fifth Circuit's decision to the mortgage he held on the Feenstra home appears to be of recent vintage. Appellant Kirchberg never sought clarification from the Court of Appeals on the scope of its decision, and apparently regarded the court's judgment to be sufficiently adverse and binding on him to warrant seeking review on the merits before this Court.

mortgage, and in passing on the constitutionality of Art. 2404, the Court of Appeals clearly intended to resolve that controversy adversely to appellant.

Accordingly, the judgment of the Court of Appeals is affirmed.

*So ordered.*

JUSTICE STEWART, with whom JUSTICE REHNQUIST joins, concurring in the result.

Since men and women were similarly situated for all relevant purposes with respect to the management and disposition of community property, I agree that Art. 2404 of the Louisiana Civil Code Ann. (West 1971), which allowed husbands but not wives to execute mortgages on jointly owned real estate without spousal consent, violated the Equal Protection Clause of the Fourteenth Amendment. See *Michael M.* v. *Sonoma County Superior Court, post,* at 477–479 (STEWART, J., concurring).

While it is clear that the Court is correct in holding that the judgment of the Court of Appeals applied to the particular mortgage executed by Mr. Feenstra, it is equally clear that that court's explicit announcement that its holding was to apply only prospectively means that no other mortgage executed before the date of the decision of the Court of Appeals is invalid by reason of its decision.