Joe HOGAN, Plaintiff-Appellant,

v.

**MISSISSIPPI UNIVERSITY FOR WOM-EN et al., Defendants-Appellees.**

Nos. 80–4021, 81–4041.

United States Court of Appeals,
Fifth Circuit.
Unit A

June 5, 1981.

Rehearing and Rehearing En Banc
Denied Aug. 13, 1981.
See 653 F.2d 222.

Wilbur O. Colom, Columbus, Miss., Robert Rubin, Jackson, Miss., ACLU of Miss., for plaintiff-appellant.

Ed Davis Noble, Asst. Atty. Gen., Jackson, Miss., for defendants-appellees.

Before CHARLES CLARK and GEE, Circuit Judges, and SPEARS *, District Judge.

CHARLES CLARK, Circuit Judge:

■ These consolidated appeals present the question whether the maintenance of a state-supported university that accepts only female applicants violates the fourteenth amendment right to equal protection of an otherwise qualified male applicant. On the facts of this case, we hold that it does.

The facts pertinent to this appeal are narrow and not in dispute. Mississippi University for Women (MUW), an institution supported by the State of Mississippi, has, since its establishment in 1884, admitted females only. Joe Hogan, an adult male interested in pursuing an education in nursing, applied to the University for Women. Predictably, his application was rejected. The parties stipulated that but for his sex, Hogan is qualified for admission. Mississippi supports two other universities that offer bachelor's degrees in nursing: University of Southern Mississippi in Hattiesburg and University of Mississippi in Jackson. Both are coeducational.

Hogan brought this suit seeking declaratory and injunctive relief, as well as monetary damages. The district court first denied Hogan's motion for a preliminary injunction requiring the defendants to admit him for the Spring, 1981, semester. Hogan's appeal from the denial of the injunction bears No. 80–4021. No. 80–4041 is Hogan's appeal from the district court's subsequent summary judgment dismissing the rest of his complaint.

■ Since the injunction Hogan sought was for admission for the Spring, 1981, semester, which has almost come to an end, the appeal in No. 80–4021 is moot.[1] We dismiss the appeal, vacate the judgment denying the preliminary injunction, and direct the district court to dismiss as moot the portion of the complaint seeking injunctive relief, without prejudice to any future injunctive relief Hogan may seek. *See New Left Education Project v. Board of Regents,* 472 F.2d 218, 220–221 (5th Cir.), *vacated,* 414 U.S. 807, 94 S.Ct. 118, 38 L.Ed.2d 43 (1973).

Hogan's case, insofar as it seeks declaratory and pecuniary relief, is not moot, for he is still seeking and still being denied admission. We now consider the merits of appeal No. 80–4041.

At the hearing on Hogan's motion for preliminary injunction, he testified that he wanted to attend the University for Women, which is located in his hometown (Columbus), rather than one of the coeducational nursing schools, so that he would not have to give up a job he has held for six or seven years, move his family, and sell his house. Thus, Mississippi's maintenance of a corresponding all-male school, unless it were also located in Columbus, would not help Hogan. The precise question presented, then, is this: Does a state violate the Equal Protection Clause by maintaining a one-sex school, where the plaintiff does not complain of the state's failure to have a corresponding school exclusively for his sex?

■ The second sentence of the fourteenth amendment reads:

No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States, nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

While at times in our history the impact of the Equal Protection Clause on gender-based discrimination was less than clear, that is not so today. In its most recent pronouncement on the subject, the Supreme Court has unanimously affirmed this court's

---

* District Judge of the Western District of Texas, sitting by designation.

1. We may act on this mootness problem *sua sponte* since a moot case presents no "case or controversy," a constitutional prerequisite to our exercise of power. *Liner v. Jafco, Inc.,* 375 U.S. 301, 306 n.3, 84 S.Ct. 391, 394 n.3, 11 L.Ed.2d 347, 350 n.3 (1964); *Locke v. Board of Public Instruction,* 499 F.2d 359, 363–364 (5th Cir. 1974).

judgment in *Kirchberg v. Feenstra*, 609 F.2d 727, 734 (5th Cir. 1979). There, we held that gender-based classifications must be substantially related to important governmental objectives in order to withstand constitutional challenge. In the Supreme Court's words, "express gender-based discrimination [has been] found unconstitutional absent a showing that the classification is tailored to further an important governmental interest." *Kirchberg v. Feenstra*, —— U.S. ——, ——, 101 S.Ct. 1195, 1198, 67 L.Ed.2d 428, 433 (1981).[2] The policy of admitting only females to MUW is an express gender-based discrimination. While the right infringed in *Kirchberg* (property management) was arguably more fundamental than that infringed here (education),[3] the gender-based discrimination is by itself sufficient to require a substantial relationship to an important governmental objective. *Id.; Wengler v. Druggist Mutual Insurance Co.*, 446 U.S. 142, 100 S.Ct. 1540, 64 L.Ed.2d 107 (1980); *Craig v. Boren*, 429 U.S. 190, 97 S.Ct. 451, 50 L.Ed.2d 397 (1976).

*Kirchberg* teaches that the district court was incorrect in relying on *Williams v. McNair*, 316 F.Supp. 134 (D.S.C.1970), *aff'd mem.*, 401 U.S. 951, 91 S.Ct. 976, 28 L.Ed.2d 235 (1971), and *Vorchheimer v. School District of Philadelphia*, 532 F.2d 880, *aff'd per curiam by an equally divided court*, 430 U.S. 703, 97 S.Ct. 252, 50 L.Ed.2d 176 (1977), to define a test of "rational relationship to a legitimate state interest" for this case. MUW's policy passed muster under that test in the district court. To this extent, the court erred.

The district court further concluded that Mississippi has a "legitimate interest in providing the greatest practical range of educational opportunities for its female student population." This conclusion presents another question, also inherent in the State's reliance on the statute creating M.U.W. as the justification for the single-sex institution:

> The purpose and aim of the Mississippi State College for Women [MUW's former name] is the moral and intellectual advancement of the girls of the state by the maintenance of a first-class institution for their education in the arts and sciences, for their training in normal school methods and kindergarten, for their instruction in bookkeeping, photography, stenography, telegraphy, and typewriting, and in designing, drawing, engraving, and painting, and their industrial application, and for their instruction in fancy, general and practical needlework, and in such other industrial branches as experience, from time to time, shall suggest as necessary or proper to fit them for the practical affairs of life.

Miss.Code Ann. § 37–117–3 (1972). While this statute is based on role concepts for women that are no longer acceptable to many, our attention is focused on the provision aiming to advance the "girls of the state," and the corresponding finding of the district court. Hogan does not directly challenge this concept. However, a proper analysis of his argument requires that we do.

The state is attempting to justify gender-based discrimination with purposes that are likewise gender-based. Clearly, a state has an interest, perhaps even a compelling one, in providing educational opportunities to women. The problem is that its interest does not stop with female citizens. We recognize that racial discrimination requires the application of a higher level of scrutiny than does sex discrimination. Nevertheless, an analogy from this field is apt. If a state were to urge that it has a compelling interest in educating white persons, its urging would be, at best, half true. But such a half-true premise could not sup-

---

**2.** *But see Michael M. v. Superior Court of Sonoma County*, —— U.S. ——, ——, 101 S.Ct. 1200, 1204, 67 L.Ed.2d 437, 442 (1981): "Our cases have held, however, that the traditional minimum rationality test takes on a somewhat 'sharper focus' when gender-based classifications are challenged." (Plurality opinion.)

**3.** *See San Antonio Ind. School Dist. v. Rodriguez*, 411 U.S. 1, 35, 93 S.Ct. 1278, 1297, 36 L.Ed.2d 16, 44 (1973).

port the maintenance of racially segregated schools. This is so because the premise begs the question of the propriety of discriminatory treatment. Similarly, to justify gender-based discrimination in this case, Mississippi cannot advance a reason that is based on gender.[4]

Hogan's action does not expressly complain of the failure of Mississippi to maintain an all-male college that offers nursing training. He simply challenges the maintenance of the all-female college, MUW. He wants to attend MUW; he does not seek to attend an all-male college. Nevertheless, the fact that the state does not maintain a corresponding all-male nursing school deprives it of law as well as logic to support its argument that it is not discriminating between, or that it is affording equal protection to, the sexes. *McNair* and *Vorchheimer* both involved systems with separate schools for each sex. Thus, the precise holdings of these cases are factually distinguishable. The State argues that Hogan's asserted inconvenience in attending state-supported, coeducational nursing schools vitiates his equal protection challenge under *McNair*. However, the State cannot contend it maintains a corresponding all-male school to provide a variety of educational settings to all its nursing students. Thus, the portion of *McNair* relied upon by the State (316 F.Supp. at 138) is inapposite.

 Mississippi has, as every state does, a significant and traditional purpose of providing for the education of all of its citizens. This is "perhaps the most important function of state and local governments." *Brown v. Board of Education*, 347 U.S. 483, 493, 74 S.Ct. 686, 691, 98 L.Ed. 873, 880 (1954). The problem with providing a unique educational opportunity for females but not for males is that such an approach does not bear a substantial relationship to this important objective. We are aware that the Supreme Court has said the "question whether a statute is *substantially* related to its asserted goals is at best an opaque one." *Michael M. v. Superior Court of Sonoma Cty.*, —— U.S. ——, —— n.10, 101 S.Ct. 1200, 1207 n.10, 67 L.Ed.2d 437, 445 n.10 (1981) (plurality opinion). It is the State's burden, however, to address that question. *See Kirchberg*, —— U.S. at ——, 101 S.Ct. at 1199, 67 L.Ed.2d at 435; *Craig v. Boren*, 429 U.S. 190, 204, 97 S.Ct. 451, 460, 50 L.Ed.2d 397, 411 (1976). It has done so here only by conclusory statements which are insufficient to carry its summary judgment burden.

Doubtless, there are many in Mississippi who hold dear the continuation of the "W" as a place for educating the "girls of the State." Doubtless, too, there are some who would prefer to see Mississippi maintain an all-male college, as we are told it once did. It is not for this court to make a choice between creating an all-male institution comparable to MUW or desegregating it. We say only that the maintenance of MUW today as the only state-supported single-sex collegiate institution in the State cannot be squared with the Constitution. Mississippi suggests no interest of male students which is served by this disparate treatment of females. Certainly it cannot argue on the facts of this case that the continued existence of MUW in its educational system is part of an overall program that benefits all students alike.

The policy of MUW that excludes Hogan because of his sex denies him the equal protection of the law as guaranteed by the fourteenth amendment. The appeal from the order denying preliminary injunction is dismissed, that judgment is vacated and

---

4. The purpose advanced by the State of California in *Michael M. v. Superior Court of Sonoma County*, —— U.S. ——, 101 S.Ct. 1200, 67 L.Ed.2d 437 (1981), for the statute holding males criminally responsible for sexual intercourse with females under 18 years of age but not vice versa, was the prevention of teenage pregnancies. The Court accepted the purpose and upheld the statute, noting that the legal deterrence of the male roughly equalled the biological and psychological deterrence of the female. Our holding that a gender-based rationale for gender-based discrimination in education is unacceptable does not contravene this recent decision. There is nothing inherent in the biological makeup of males and females that legitimates a distinction between the two in the context of this case.

remanded with instructions. The summary judgment dismissing Hogan's complaint insofar as it sought declaratory relief is reversed; the summary judgment dismissing Hogan's claims for monetary damages is vacated. The case is remanded to the district court for entry of a declaratory judgment in conformity with this opinion, and for such further proceedings on Hogan's other claims as that court may consider appropriate.

No. 80–4021—APPEAL DISMISSED, JUDGMENT VACATED, REMANDED WITH INSTRUCTIONS.

No. 81–4041—REVERSED IN PART, VACATED IN PART, AND REMANDED.