620 F.Supp. 663 (1985)
Jacqueline LANTZ, by her Next Friend, Lucille LANTZ, Plaintiff,
v.
Gordon M. AMBACH, individually and as Commissioner of the New York State Department of Education; and Martin C. Barell, Chancellor of the New York State Board of Regents, R. Carlos Carballada, Vice Chancellor of the Board of Regents, Willard A. Genrich, Chancellor Emeritus of the Board of Regents, Jorge L. Batista, Shirley C. Brown, Kenneth B. Clark, Laura Bradley Chodos, Thomas H. Frey, Norma Gluck, Emlyn I. Griffith, Mimi Lieber, Floyd S. Linton, Louise P. Matteoni, James W. McCabe, J. Edward Meyer, Salvatore J. Sclafani, individually and as members of the New York State Board of Regents; and the Board of Education of Yonkers, New York; and the New York State Public High School Athletic Association, Defendants.
No. 85 Civ. 7735 (LLS).
United States District Court, S.D. New York.
October 30, 1985.
*664 New York Civil Liberties Union, White Plains, N.Y., for plaintiff; Virginia Knaplund, of counsel.
Robert Abrams, Atty. Gen. of the State of N.Y., New York City, for defendants Gordon Ambach, Com'r of the N.Y. State Dept. of Educ. and N.Y. State Bd. of Regents; Stanley A. Camhi, Randolph Volkell, Asst. Attys. Gen., of counsel.
Anderson, Banks, Moore, Curran & Hollis, Yonkers, N.Y., for The Bd. of Educ. of Yonkers, N.Y.; Maurice F. Curran, Lawrence W. Thomas, of counsel.
McGivern, Shaw & O'Connor, Scotia, N.Y., for the N.Y. State Public High School Athletic Ass'n, Inc.; Ronald R. Shaw, of counsel.
STANTON, District Judge.
Plaintiff Jacqueline Lantz, a 16-year-old healthy female student in her junior year at Lincoln High School, Yonkers, New York wants to play football. Lincoln High School has no girls' football team, so she attempted to try out for the junior varsity football squad. Her attempts were blocked by a regulation promulgated by the defendant Commissioner of the New York State Department of Education under the authority of the defendant members of the New York State Board of Regents, and applied by defendants The Board of Education of Yonkers, New York and The New York State Public High School Athletic Association. The regulation, 8 N.Y.C.R.R. § 135.4(c)(7)(ii)(c)(2) states:
"There shall be no mixed competition in the following sports: basketball, boxing, football, ice hockey, rugby and wrestling."
Suing under the Civil Rights Act, 42 U.S.C. § 1983, plaintiff claims the regulation violates Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681 et seq., and her right to equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution. She seeks a declaratory judgment that the regulation as written violates that statute and that clause of the Fourteenth Amendment, and an injunction requiring the defendants to delete the regulation and permit her to try out for the junior varsity squad, and an award of attorney's fees. Under Fed.R.Civ.P. 65(a)(2) the trial of the action on the merits has been advanced and *665 consolidated with the hearing of the application for a preliminary injunction.
It is not clear that Title IX applies to this case. To violate Title IX the sex discrimination must occur in the specific program which receives federal financial assistance. See Grove City College v. Bell, 465 U.S. 555, 104 S.Ct. 1211, 1220-22, 79 L.Ed.2d 516 (1984). Plaintiff merely alleges on information and belief that the Lincoln High School Athletic Department receives funds under Title IX (Complaint ¶ 26), and no proof supports that allegation. If Title IX does apply, it helps neither side. Its regulations, which require opportunity for female students to try out for male teams (or vice versa) where there is no team for their own sex, do not apply to contact sports such as football. 34 C.F.R. 106.41(b). Title IX is simply neutral as to mixed competition in football. See Force v. Pierce City R-VI School District, 570 F.Supp. 1020, 1024-25 (W.D.Mo.1983). Accordingly, the request for an injunction or a judgment declaring that the regulation violates Title IX is denied.
The Supreme Court has stated that discrimination among applicants on the basis of their gender is subject to scrutiny under the Equal Protection clause of the Fourteenth Amendment, and will be upheld only where there is "exceedingly persuasive justification" showing at least that the classification serves "important governmental objectives and that the discriminatory means employed are substantially related to the achievement of those objectives." See Mississippi University for Women v. Hogan, 458 U.S. 718, 723-25, 102 S.Ct. 3331, 3335-36, 73 L.Ed.2d 1090 (1982) (quoting Kirchberg v. Feenstra, 450 U.S. 455, 461, 101 S.Ct. 1195, 1199, 67 L.Ed.2d 428 (1981), and Wengler v. Druggists Mutual Ins. Co., 446 U.S. 142, 150, 100 S.Ct. 1540, 1545, 64 L.Ed.2d 107 (1980)). Here the governmental objective is to protect the health and safety of female students, and there is no quarrel with the importance of that objective. To demonstrate that the regulation is substantially related to that objective, the Commissioner and the Board of Regents have offered data establishing that "as a general rule, senior high school students (age 15 through 18) are more physically developed, stronger, more agile, faster and have greater muscular endurance than their female counterparts" (Atty Genl's brief at 6-18), medical opposition to girls' participation on boys' teams in such contact sports as football (which Dr. Falls described as a "collision" sport) because of the risk of injury in such participation, and the testimony of Dr. Willie to the effect, among other points, that the present regulation enhances safety by permitting simple and uniform administration across the state.
But these data, however refined, inevitably reflect averages and generalities. The Commissioner and the Regents say (Atty Genl's brief at 19), "It makes no difference that there might be a few girls who wish to play football who are more physically fit than some of the boys on the team." Yet it does make a difference, because the regulation excludes all girls. No girl  and simply because she is a girl  has the chance to show that she is as fit, or more, to be on the squad as the weakest of its male members. Where such cases exist, the regulation has no reasonable relation to the achievement of the governmental objective. In such a case, the effect of the regulation is to exclude qualified members of one gender "because they are presumed to suffer from an inherent handicap or to be innately inferior." See Mississippi University for Women v. Hogan, 458 U.S. 718, 725, 102 S.Ct. 3331, 3336, 73 L.Ed.2d 1090 (1982). Thus the regulation's operation is too broad, and must give way to the facts in particular cases.
Applying the language of Force v. Pierce City R-VI School District, 570 F.Supp. 1020, 1031 (W.D.Mo.1983), to this case, Jacqueline Lantz "obviously has no legal entitlement to a starting position" on the Lincoln High School Junior Varsity football squad, "since the extent to which she plays must be governed solely by her abilities, as judged by those who coach her. But she seeks no such entitlement here.
*666 "Instead she seeks simply a chance, like her counterparts, to display those abilities. She asks, in short, only the right to try."
To the extent that the challenged regulation deprives her of the opportunity to try out for the junior varsity football squad, it operates to abridge her right under Section 1 of the Fourteenth Amendment to the Constitution of the United States, and the defendants will be enjoined from complying with it or enforcing it.
The foregoing comprises the Court's findings of fact and conclusions of law, and the reasons for the issuance of the injunction. It appears that every court which has considered questions like the one facing the court in this case has reached the same result. See, e.g., Leffel v. Wisconsin Interscholastic Athletic Ass'n, 444 F.Supp. 1117 (E.D.Wis.1978); Clinton v. Nagy, 411 F.Supp. 1396 (N.D.Ohio 1974); Hoover v. Meiklejohn, 430 F.Supp. 164 (D.Colo.1977); Force v. Pierce City R-VI School District, 570 F.Supp. 1020 (W.D.Mo.1983); Reed v. Nebraska School Activities Ass'n, 341 F.Supp. 258 (D.Neb.1972); Morris v. Michigan State Bd. of Education, 472 F.2d 1207 (6th Cir.1973); Haas v. South Bend Community School Corp., 259 Ind. 515, 289 N.E.2d 495 (1972); Commonwealth v. Pennsylvania Interscholastic Athletic Ass'n, 18 Pa.Cmwlth. 45, 334 A.2d 839 (1975) (applying Penn.Equal Rights Amendment); Darrin v. Gould, 85 Wash.2d 859, 540 P.2d 882 (1975) (en banc); Attorney General v. Massachusetts Interscholastic Athletic Ass'n, Inc., 378 Mass. 342, 393 N.E.2d 284 (1979) (applying Mass.Equal Rights Amendment).
It is, accordingly
ORDERED that the trial of this action on the merits shall be and is hereby consolidated with the hearing on plaintiff's motion for a preliminary injunction, pursuant to Fed.R.Civ.P. 65(a)(2); and it is further
ORDERED that defendant Gordon M. Ambach as Commissioner of the New York State Department of Education and defendants Martin C. Barell, Chancellor of the New York State Board of Regents, R. Carlos Carballada, Vice Chancellor of the Board of Regents, Willard A. Genrich, Chancellor Emeritus of the Board of Regents, Jorge L. Batista, Shirley C. Brown, Kenneth B. Clark, Laura Bradley Chodos, Thomas H. Frey, Norma Gluck, Emlyn I. Griffith, Mimi Lieber, Floyd S. Linton, Louise P. Matteoni, James W. McCabe, J. Edward Meyer, and Salvatore J. Sclafani, as members of the New York State Board of Regents and each of them shall be and are hereby permanently restrained and enjoined from refusing to allow Jacqueline Lantz to compete for membership on the Lincoln High School Junior Varsity football squad on the same basis that males are allowed to compete, during the time that her enrollment makes her eligible to compete for Junior Varsity membership; and it is further
ORDERED that the defendant Board of Education, its agents and employees arrange for a prompt determination whether plaintiff Jacqueline Lantz is eligible for junior varsity football pursuant to the same standards that are applied to male candidates and, if she is found eligible, direct that she be permitted to try out for the squad; and it is further
ORDERED that the New York State Public High School Athletic Association shall be and is hereby permanently restrained and enjoined from imposing any sanctions against any plaintiff or any defendant because of their compliance herewith, and from taking any other action which interferes with the ability of Jacqueline Lantz to compete for a place on or play for the Lincoln High School Junior Varsity football squad during the time that her enrollment makes her eligible to compete for Junior Varsity membership; and it is further
ORDERED that plaintiff's claim for an award of costs, including prevailing attorney's fees, shall be and is hereby severed and shall be heard and disposed of at a future time to be set by order of the court upon plaintiff's application therefor, and that the judgment and injunctive orders set forth in the preceding paragraphs hereof shall be and are hereby designated as final *667 for purposes of appeal, and shall be entered as such, all pursuant to Fed.R.Civ.P. 54(b), it being the court's determination that there is no just reason to delay the entry and finality of the same.
To permit an immediate appeal this order and judgment are stayed until Midnight, October 29, 1985.
So ordered.