CHEHARDY, Chief Judge.
Relator seeks supervisory relief from a denial of its motion for summary judgment in relator’s suit to enforce a judgment against community property. The narrow issue presented is whether Kirchberg v. Feenstra, 609 F.2d 727 (5th Cir.1979), affirmed, 450 U.S. 455, 101 S.Ct. 1195, 67 L.Ed.2d 428 (1981), applies to this case to preclude enforcement of the judgment against the wife’s half of the community property.
The Kirchberg decision, which struck down the provision of the Louisiana Civil Code designating the husband as head and master of the community and which gave the husband the exclusive right to administer the community estate, was rendered on December 12, 1979. Relator’s judgment was obtained on November 12, 1979 and was obtained upon default of a promissory note secured by a mortgage on community property. The note and mortgage were executed solely by the husband some years prior to 1979.
After our review, we find the Kirchberg court did not intend its decision to apply to notes and mortgages executed prior to its decision since the court specifically stated that it was to be applied prospectively. See also Ailstock v. Hamiter, 420 So.2d 500 (La.App. 2d Cir.1982). Consequently we find Kirchberg does not apply to these facts and relator is entitled to enforce its judgment against both the husband and wife’s half of the community property.
Accordingly, the judgment of the trial court denying relator’s motion for summary judgment is hereby reversed and the case is remanded for proceedings consistent with this opinion.
REVERSE AND REMANDED.