**Bobbie Jean McCOY, et al., Plaintiffs,**

v.

**NEVADA DEPT. OF PRISONS, et al., Defendants.**

No. CV–N–89–94–ECR.

United States District Court, D. Nevada.

Oct. 11, 1991.

Barbara K. Finley, Kathleen Noneman, Reno, Nev., for plaintiffs.

Frankie Sue Del Papa, Atty. Gen. of Nevada, Carson City, Nev., for defendants.

## MEMORANDUM DECISION AND ORDER

EDWARD C. REED, Jr., Chief Judge.

Plaintiffs, female inmates incarcerated at the Nevada Women's Correctional Center (NWCC), filed a civil rights complaint (# 17), pursuant to 42 U.S.C. § 1983. Therein, they allege that Defendants discriminate against them because of their gender, thereby violating their right to equal protection of the laws under the Fourteenth Amendment of the Constitution. According to Plaintiffs, this disparity in treatment is evidenced by the better educational, vocational, and occupational training programs offered by the Nevada prisons housing male inmates as compared to the programs offered at NWCC. In addition, Plaintiffs allege that Nevada prisons housing male inmates provide those inmates with greater privileges than NWCC provides to Plaintiffs, to wit, male inmates are allowed blood banks, pets, prison industries jobs, the opportunity to earn good-time credits and money, inmate action committees, honor camps, restitution centers, photographs of other inmates in their cells, and more free time. Furthermore, Plaintiffs allege that the conditions at NWCC are much worse than at any other Nevada prison, namely, an inadequate law library, law clerks, maintenance of the facilities, clothing, cleaning supplies, fresh food, and mail service. In addition, Plaintiffs contend that inmates at NWCC do not receive proper medical screening, that inmates testing positive for the HIV virus are not segregated from general population, and that NWCC has not received its allocation of money from the Inmate Welfare Funds unlike other prisons within the Nevada Department of Prisons.

Now before the court is Defendants' motion for summary judgment (# 37).

## SUMMARY JUDGMENT

The Federal Rules of Civil Procedure provide that summary judgment "shall be rendered forthwith if the pleadings, deposi-

tions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Rule 56 also provides that when a properly-supported motion is filed, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R.Civ.P. 56(e).

The Supreme Court has interpreted Rule 56 of the Federal Rules of Civil Procedure to mean that "summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). To determine what constitutes a material fact to a case, a court must look to the controlling substantive law. *Id.*

### GENDER DISCRIMINATION

The substantive law at issue is whether Defendants have violated the Equal Protection Clause of the Fourteenth Amendment of the Constitution with respect to their treatment of female inmates at NWCC as compared to male inmates within the Nevada Department of Prisons. The Equal Protection Clause directs that no State shall "deny to any person within its jurisdiction the equal protection of the laws." *Plyler v. Doe*, 457 U.S. 202, 216, 102 S.Ct. 2382, 2394, 72 L.Ed.2d 786 (1982), *reh'g denied*, 458 U.S. 1131, 103 S.Ct. 14, 73 L.Ed.2d 1401 (1982). The Supreme Court has interpreted this directive to mean that "all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Center*, 473 U.S. 432, 439, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1985) (*Cleburne*).

Generally, a classification that results in disparate treatment of like individuals will not violate the Equal Protection Clause of the Fourteenth Amendment if the classification drawn is rationally related to a legitimate state interest.[1] *Schweiker v. Wilson*, 450 U.S. 221, 230, 101 S.Ct. 1074, 1080, 67 L.Ed.2d 186 (1981). A classification drawn on the basis of gender, however, calls for a "heightened standard of review." *Cleburne*, 473 U.S. at 440, 105 S.Ct. at 3254. Thus, a party seeking to uphold dissimilar treatment based upon gender must show an "exceedingly persuasive justification." *Kirchberg v. Feenstra*, 450 U.S. 455, 461, 101 S.Ct. 1195, 1199, 67 L.Ed.2d 428 (1981). Such justification exists only if the gender disparate treatment "serves important governmental objectives and that the discriminatory means employed are substantially related to the achievement of those objectives." *Steiger v. U.S. R.R. Retirement Bd.*, 761 F.2d 1428, 1431 (9th Cir.1985).

In applying this heightened standard of review to prisoner cases, courts have required that female prisoners be treated "in parity" with male prisoners. *See Dawson v. Kendrick*, 527 F.Supp. 1252 (S.D.W.Va.1981); *Bukhari v. Hutto*, 487 F.Supp. 1162 (E.D.Va.1980). To determine whether the female inmates at NWCC are being treated "in parity" with male inmates within the Nevada Department of Prisons, this court shall consider each prison condition which is claimed to violate the Equal Protection Clause as it affects the male inmates on the one hand and the female inmates on the other.[2] Here, where no legislation authorizing any gender dispar-

1. The court notes that Defendants have identified the rational basis standard of review as the standard applicable to this case. The court finds this standard inappropriate to the case at hand because this is a gender-based discrimination case.

2. The court also takes note of the recent Supreme Court decision of *Wilson v. Seiter*, —— U.S. ——, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991), and distinguishes it from the situation at hand. In *Wilson*, the Supreme Court determined: "[n]othing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists." *Wilson*, 111 S.Ct., at 2327 (citations omitted). *Wilson* involved allegations of eighth amendment violations, not allegations of equal protection violations. Thus, the court does not find the *Wilson* case to be relevant to the issues at hand in this case.

*Turner v. Safley*, 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987), is another case which must be distinguished from the case at hand.

ate treatment exists, the court must ask "whether the adverse effect reflects invidious gender-based discrimination." *Personnel Adm'r of Massachusetts v. Feeney*, 442 U.S. 256, 274, 99 S.Ct. 2282, 2293, 60 L.Ed.2d 870 (1979), *aff'd*, 445 U.S. 901, 100 S.Ct. 1075, 63 L.Ed.2d 317 (1980). Given the controlling substantive law of the case and the standard Defendants must meet in order for the court to grant summary judgment, the court finds that Defendants' motion shall be granted in part and denied in part, as follows.

## I. EDUCATIONAL, RECREATIONAL, AND VOCATIONAL TRAINING PROGRAMS

■ In support of their motion for summary judgment, Defendants argue that "[a]lthough there is no constitutional right to vocational training within a prison setting, NWCC does offer a full educational program, classes in culinary arts and computer training" (# 37, Affidavit of Peggy Knapp, at 7).[3] The court finds that this evidence does not adequately support Defendants' motion because Defendants have not demonstrated that disparate treatment is not occurring and that if it is occurring that the treatment is justified by important governmental objectives. Thus, the court cannot grant summary judgment on this issue.

Furthermore, Plaintiffs in their opposition to Defendants' motion for summary judgment have presented evidence disputing Defendants' claim that NWCC offers the same or better educational and/or vocational training programs (# 38). Plaintiffs' evidence shows that the educational programs of the prisons housing male inmates offer a wider variety of classes, more teachers, and video classes (# 38, Affidavit of Teresa Steep).

Plaintiffs' evidence also shows that male inmates are given the opportunity to learn vocational skills by working in the following prison industry jobs: coat making, dry cleaning, laundry, license plate making, welding, mattress making, upholstery, shoe repair, soap making, automotive repair, bookbinding, and food preparation. Thus, Plaintiffs have met their burden of rebutting Defendants' evidence. Defendants have not refuted Plaintiffs' evidence by showing that no disparate treatment exists or that if it does exist the disparity is justified in order to achieve important governmental objectives.

Plaintiffs have also introduced evidence supporting their assertion that the prisons housing male inmates offer better recreational programs than the programs available to Plaintiffs at NWCC (# 38, Affidavit of Anne Atkinson, at 3). Plaintiffs' evidence indicates that male inmates have more recreational rooms per capita and that some inmates are entitled to keep sewing tools, leather tools, and latch hook rug kits in their cells. *Id.* at 2–3.

Defendants have failed to refute Plaintiffs' evidence. While Defendants have introduced evidence concerning NWCC's gym and the ability to offer a variety of physical education activities, Defendants have not countered Plaintiffs' evidence concerning the availability of the facilities per capita nor have Defendants countered Plaintiffs' evidence concerning hobbycrafts (# 38, Affidavit of Teresa Steep, at 4, Affidavit of Anne Atkinson, at 3). Defendants have also failed to provide the court with any evidence that this disparity in treatment is justified by important governmental interests.

## II. PRIVILEGES

### A. *Vocational and Educational Classes*

Plaintiffs have submitted evidence substantiating their claim that fewer privileges

---

*Turner* held that a prison regulation which impinges upon an inmate's constitutional rights is valid if the regulation is reasonably related to legitimate penological interests. *Id.*, 482 U.S. at 89, 107 S.Ct. at 2261. *Turner* did not involve gender disparate treatment, however.

**3.** Much of Defendants' evidence and arguments in their motion for summary judgment rely upon the Eighth Amendment. Given that Plaintiffs have not asserted any Eighth Amendment claims, such eighth amendment arguments and evidence are irrelevant to Plaintiffs' Equal Protection Clause allegations and fail to refute Plaintiffs' rebuttal evidence.

in the area of education and vocational training are offered at NWCC as compared to prisons housing male inmates within the Nevada Department of Prisons. Plaintiffs' evidence shows that NWCC offers only one vocational class from which a female inmate can earn good-time credits (# 38, Affidavit of Teresa Steep). Plaintiffs have also submitted evidence showing that male inmates have a variety of vocational positions from which to choose: coat making, dry cleaning, laundry service, license plate making, automotive repair, food service, shoe repair, and mattress making (# 38, Affidavit of Carolyn Pittman, at 3). Female inmates, on the other hand, are only given a choice of domestic jobs. *Id.* Plaintiffs' evidence establishes that the disparity in the vocational training programs deprive Plaintiffs of the opportunity to earn good-time credits and money. And, more importantly, it also establishes that the disparity in the programs denies Plaintiffs the opportunity to learn marketable skills which will enable them to obtain employment upon their release from prison. *Id.*

Defendants' response to Plaintiffs' evidence fails to refute the disparity in treatment substantiated by Plaintiffs' evidence. Defendants' evidence in support of their motion for summary judgment shows that 55.8% of the women at NWCC work and that 27.5% attend educational classes (# 46, Exhibit F). Such statistics only prove that female inmates are more willing to participate in vocational and recreational programs than their male counterparts. Defendants' numbers do not refute Plaintiffs' assertion that female inmates at NWCC are not offered equivalent opportunities to participate in the vocational training programs. Those jobs pay a wage to the inmate, offer the chance to earn good-time credits, and provide the inmate with the opportunity to learn marketable skills. As Defendants have failed to refute this disparity in treatment and have failed to offer any justifications for it, their motion for summary judgment shall be denied as to these claims.

### B. *Visitors*

Plaintiffs have also presented evidence demonstrating that visitors of prisons housing male inmates are allowed to purchase three packs of cigarettes and two candy bars at the prison's snack bar for the inmate which he then is allowed to take back to his cell (# 38, Affidavit of Teresa Steep, at 4). Defendants attempt to refute this by stating that visitors are not allowed to bring contraband into the prison. Clearly, Defendants have missed the crux of Plaintiffs' claim. Plaintiffs do not allege that visitors are allowed to bring contraband into the prison to give to an inmate. Plaintiffs only contend that the visitors at prisons housing male inmates are permitted to purchase certain items at the prison snack bar for the inmate which the inmate is then allowed to take back to his cell. Plaintiffs' evidence demonstrates that female inmates at NWCC are not permitted this privilege. Thus, Defendants have failed to refute Plaintiffs' evidence.

Plaintiffs have also presented evidence that male inmates are permitted to kiss their visitors and engage in other physical contact during the visit, conduct not permitted at NWCC. *Id.* Defendants have presented no evidence refuting this disparity in treatment. Therefore, Defendants' motion for summary judgment shall be denied as to this claim.

### C. *Restitution Centers*

In support of their motion for summary judgment, Defendants have submitted evidence demonstrating that female residents make up over 60% of the total population of the restitution centers in Nevada. (# 37, Affidavit of Karl Sannicks, at 3). Plaintiffs have failed to rebut Defendants' evidence that female inmates are permitted to enter restitution centers upon their release from prison. Plaintiffs have only made mere allegations unsupported by evidence that female inmates are not allowed to enter a restitution center. Thus, Plaintiffs' failure to submit rebuttal evidence requires this court to grant summary judgment as to this issue.

### D. *Free Time*

Plaintiffs have also alleged that male inmates are permitted greater free time,

i.e., more time out of their cells, than female inmates at NWCC. Defendants have not properly supported their contention that male inmates are not allowed out of their cells for a greater period of time than female inmates at NWCC. Without proper evidentiary support, a motion for summary judgment cannot be granted.

### E. *Mail Service*

Plaintiffs have made unsupported allegations concerning the mail service at NWCC. These allegations fail to state an Equal Protection Clause violation, i.e., that the mail service at institutions housing male inmates is better, faster, or more efficient than the mail service at NWCC. Defendants, on the other hand, have submitted evidence showing parity in treatment with respect to the mail service among Nevada prisons, including NWCC. The court shall therefore grant Defendants' motion for summary judgment with respect to this issue.

### F. *Telephones*

Plaintiffs have also presented evidence supporting their contention that male inmates have access to unmonitored telephones (# 38, Affidavit of Teresa Steep, at 3). Defendants have failed to present any evidence supporting their contention that male inmates do not have access to unmonitored telephones. Defendants' reliance upon mere allegations fails to provide adequate support for their motion for summary judgment.

### G. *Miscellaneous*

■ As to the remaining claims falling under the category of privileges, the court finds that Defendants' motion for summary judgment should be granted. This court previously determined (# 25) that the complaint failed to allege the personal involvement of Defendant Knapp and Defendant

Angelone (in substitution for Sumner), and therefore this action could only be pursued against Defendants in their official capacities (# 27). As a result, the recovery of monetary damages is not possible.[4] Thus, the only relief available to Plaintiffs under this section 1983 action is injunctive relief. Any past violations of the Equal Protection Clause caused by conditions or differences that no longer exist at NWCC cannot withstand Defendants' motion for summary judgment.

In this case, Defendants' evidence demonstrates that male inmates are no longer entitled to have blood banks or pets. Additionally, NWCC now has an inmate action committee as well as an honor camp. Thus, Defendants' motion for summary judgment shall be granted as to these claims.

## III. CONDITIONS

Plaintiffs have submitted evidence to the court demonstrating that the conditions at NWCC compare unfavorably with conditions at prisons housing male inmates within the Nevada Department of Prisons. Plaintiffs' evidence demonstrates that the visiting room at NWCC is small and does not offer the amenities that the other prisons' visiting rooms offer (# 38, Affidavit of Teresa Steep). Plaintiffs' evidence also demonstrates that prisons housing male inmates have trained paralegals to assist prisoners, law libraries more than three times the size of NWCC's, superior legal publication services, computers, and Westlaw accessibility. *Id.*

Additionally, Plaintiffs' evidence supports their allegation that NWCC has only one ice machine for the entire female prison population while prisons housing male inmates have machines in every unit. *Id.* Furthermore, Plaintiffs' evidence shows that the prisons housing male inmates provide private rooms for inmates to confer

---

**4.** Under *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989), the Supreme Court determined that a State official, when sued for injunctive relief in his or her official capacity, would be considered a "person" for 42 U.S.C. § 1983 purposes, and therefore such relief would be obtainable. "Of-

ficial-capacity actions for prospective relief are not treated as actions against the State," however, and therefore monetary damages would be unobtainable relief in such an action. *Kentucky v. Graham,* 473 U.S. 159, 167, n. 14, 105 S.Ct. 3099, 3106, n. 14, 87 L.Ed.2d 114 (1985).

with their legal counsel, while NWCC does not. *Id.* at 4. Plaintiffs' evidence also demonstrates that differences exist in the prices and selections of items offered for sale at the prison stores (# 38, Affidavit of Teresa Steep, at 3). Plaintiffs contend that merchandise offered for sale at NWCC's prison store are more expensive and the store offers less variety of products as compared to the prison stores at prisons housing male inmates.

Plaintiffs have also established that the conditions and maintenance of the buildings are inferior as compared to those at prisons housing male inmates. Plaintiffs' evidence further demonstrates the disparity between NWCC and the other prisons by showing that at NWCC the intercoms do not work, the hall has no ventilation, the roof leaks, ovens are broken and are not repaired, the washing machines break often, and the dryers do not work and are not repaired (# 38, Affidavit of Anne Atkinson). Additionally, Plaintiffs' evidence shows that such conditions do not exist at the prisons housing male inmates. Furthermore, Plaintiffs' evidence indicates that the repair and maintenance of buildings and equipment at NWCC occur at a much slower pace than at the prisons housing male inmates. *Id.*

As to the above-mentioned grounds for relief, Defendants have submitted evidence supporting their motion for summary judgment. Summary judgment cannot be granted, however, where the court finds that genuine disputes remain as to material facts.[5] Therefore, these issues cannot be resolved through summary judgment and Defendants' motion shall be denied as to these claims.

Additionally, Plaintiffs have demonstrated that disparate conditions exist with respect to clothing provided for the inmates.

Plaintiffs' evidence reveals that male inmates are issued three pairs of Levis, shirts, undershorts, undershirts, shoes, socks, and a coat. Female inmates at NWCC, on the other hand, are issued no clothing on a regular basis and often go without basic clothing, according to Plaintiffs' evidence. Defendants explain the disparity of treatment by asserting that female inmates are not required to wear prison clothes, but may wear acceptable "street" clothing. This does not refute Plaintiffs' evidence that the female inmates at NWCC go without basic clothing needs while the male inmates do not. Hence, summary judgment cannot be granted as to this issue.

With respect to the issue of hygiene supplies, the court finds that Plaintiffs have failed to shoulder their burden to rebut Defendants' evidence. Defendants' evidence establishes that Plaintiffs receive the same or greater hygiene supplies as male inmates (# 37, Exhibit A, at 4). In addition, Plaintiffs have failed to introduce evidence supporting their contention that they are not permitted to have photographs of other inmates in their cells while male inmates are so entitled. Defendants have come forth with evidence supporting their contention that no inmate within the Nevada Department of Prisons is permitted to have a photograph of another inmate in his or her cell other than a photograph of an inmate who is part of the inmate's immediate family. *Id.* In addition, Plaintiffs have failed to refute Defendants' evidence that satellite dishes located at the prisons housing male inmates were not provided by the Nevada Department of Prisons, but by private parties.

Defendants, on the other hand, have refuted Plaintiffs' contention concerning the number of inmates allowed to visit another inmate's cell. Defendants have supported

---

5. For example, Defendants submitted price lists for the prison stores in their reply to Plaintiffs' response to Defendants' motion for summary judgment (# 46). These price lists, however, show no dates for the items offered at the prison stores and are inadequately labeled for the court to accept them as admissible evidence. Therefore, this evidence fails to support Defendants' motion for summary judgment. More-

over, Plaintiffs have submitted evidence rebutting Defendants' motion on this issue.

Plaintiffs have also submitted rebuttal evidence regarding the ice machines. While Defendants have submitted evidence on this issue (# 46, Exhibit B), it remains a factual dispute which cannot be resolved by summary judgment.

this disparate treatment by providing the court with evidence that important governmental objectives justify the difference in treatment, i.e., security and safety concerns. Defendants' motion for summary judgment must therefore be granted as to this issue.

As to Plaintiffs' allegations regarding HIV segregation, medical screening, and the allocation of money from the Inmates' Welfare Fund, Plaintiffs have failed to submit any evidence of disparate treatment required to state a viable Equal Protection Clause violation claim. Plaintiffs have failed to offer any evidence or even to assert any allegations that prisons housing male inmates properly segregate inmates with the HIV virus, perform timely and adequate medical screening of new inmates, or improperly receive money allocated from the Inmates' Welfare Fund. Plaintiffs have only made Eighth Amendment arguments and submitted evidence supporting those arguments. Such evidence, however, fails to support their contention of Equal Protection Clause violations. Thus, Defendants' motion for summary judgment shall be granted as to these claims.

IT IS, THEREFORE ORDERED that Defendants' motion for summary judgment (# 37) is DENIED with respect to the following claims: educational, recreational, and vocational training programs; vocational and educational classes; privileges with respect to visitors, free time, and telephones; and prison conditions with respect to the visiting room, paralegals, law library, legal publication services, computers, Westlaw accessibility, ice machines, private conference rooms, prison store, maintenance of buildings, repair of machines and appliances, and clothing.

IT IS FURTHER ORDERED that Defendants' motion for summary judgment (# 37) is GRANTED with respect to the following claims: restitution centers, mail service, blood banks, pets, inmate action committees, honor camps, hygiene supplies, the possession of photographs of inmates, the visiting of inmates in cells, HIV segregation, medical screening, and the allocation of money from the Inmates' Welfare Fund.