Suzan Gail LEFFEL et al., Plaintiffs,

v.

WISCONSIN INTERSCHOLASTIC ATHLETIC ASSOCIATION et al., Defendants.

Nina KELLY et al., Plaintiffs,

v.

WISCONSIN INTERSCHOLASTIC ATHLETIC ASSOCIATION et al., Defendants.

Nos. 75–C–174 and 73–C–269.

United States District Court, E. D. Wisconsin.

Jan. 19, 1978.

Edhlund & Bales, Sara Joan Bales, Marcia C. Rachofsky, Milwaukee, Wis., for plaintiffs.

James B. Brennan, City Atty., Patrick B. McDonnell, Asst. City Atty., Milwaukee, Wis., for Milwaukee School Board.

Robert A. Fisher, Thomas W. Bertz, Anderson, Fisher, Shannon, O'Brien & Rice, Stevens Point, Wis., for Wisconsin Interscholastic Athletic Ass'n and Roberts.

William F. Morris, Morris, Vanden Heuvel & Basten, De Pere, Wis., for John Growt.

Donald J. Hanaway, Condon & Hanaway, Green Bay, Wis., for individual defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

In case no. 73–C–269, the plaintiffs have moved for certification as a class action and for consolidation with case no. 75–C–174. In both cases, the plaintiffs have also moved for summary judgment.

### I. CLASS ACTION AND CONSOLIDATION

Case no. 75–C–174 was certified as a class action pursuant to Rule 23(b)(2), Federal Rules of Civil Procedure, in a decision and order dated June 25, 1975. The class represented by the plaintiffs is defined as follows:

> All female public high school students in the state of Wisconsin who desire an opportunity equal to that afforded to all male public high school students in the state of Wisconsin to qualify on the basis of individual merit for full membership on public high school varsity interscholastic athletic teams, including but not limited to baseball, and full participation in varsity interscholastic athletic competition in baseball and other sports.

The specific sports referred to in the alleged class in 73–C–269 are swimming and tennis, but the class definition is otherwise the same.

Because of the similarity of the class descriptions, and also because the parties and claims are nearly identical, the plaintiffs' motion for certification of case no. 73–C–269 as a class action will be granted. The reasons for such order are the same as those expressed in the June 25, 1975, decision and order in 75–C–174. Since the class definition in the latter case encompasses the class definition proposed in 73–C–269, such class definition applies to both cases.

The defendants do not oppose the motion to consolidate these cases. The presence of common questions of law and fact persuades me that consolidation is warranted pursuant to Rule 42, Federal Rules of Civil Procedure.

### II. SUMMARY JUDGMENT

In these actions, the plaintiffs seek a declaration that a provision of the constitution of the Wisconsin Interscholastic Athletic Association (WIAA) which limits coeducational interscholastic activities violates the equal protection clause of the fourteenth amendment to the United States Constitution. They also seek a permanent injunction enjoining its enforcement. Jurisdiction is grounded on 28 U.S.C. §§ 1343, 2201 and 2202, and liability is predicated on alleged violations of 42 U.S.C. §§ 1983 and 1985. In an earlier ruling, I held that the requisite state action to sustain a § 1983 action was present. (Case no. 75–C–174, order dated June 25, 1975).

The following facts are undisputed. In case no. 75–C–174, the named plaintiffs, female students at De Pere High School, were denied permission to qualify for competition with male students on the high school interscholastic varsity baseball team. The high school offered no separate female team for interscholastic competition. In case no. 73–C–269, the named plaintiffs, female students at Washington High School, were denied permission to qualify for competition with male students on the high school's interscholastic varsity swim team and tennis team. The school sponsored a girls' swim team but no girls' tennis team.

In both cases, the school officials excluded the plaintiffs from trying out for the teams based on the following provision of the WIAA constitution:

"The Board of Control shall prohibit all types of interscholastic activity involving boys and girls competing with or against each other."

The WIAA is a voluntary, unincorporated, nonprofit organization whose purpose is to organize, develop, direct, and control interscholastic athletic programs for students in the public high schools of Wisconsin. Under the organization's constitution, member schools agree to conduct their athletic program according to the constitution, by-laws and rules of eligibility of the organization. Since most of the state's public high schools and junior high schools were members of the organization at the time these actions were commenced, interscholastic competition with most Wisconsin public high schools depended upon compliance with the prohibition on coeducational competition.

During the pendency of these actions, Title IX of the Education Amendments of 1972, 86 Stat. 373, 20 U.S.C. § 1681 et seq. (Title IX), was enacted. Title IX prohibits sex discrimination in any educational program receiving federal funds. The regulations promulgated by the Department of Health, Education and Welfare pursuant to 20 U.S.C. § 1682 include specific provisions relating to sex discrimination in athletics. 45 C.F.R. § 86.41(a) generally prohibits separate athletic programs based on sex, but § 86.41(b) permits separate teams for members of each sex where selection for such teams is based on competitive skills or the activity involved is a contact sport. The same section also provides that "where a recipient [educational institution] operates or sponsors a team in a particular sport for members of one sex but operates or sponsors no such team for members of the other sex, and athletic opportunities for members of that sex have previously been limited, members of the excluded sex must be allowed to try out for the team offered unless the sport involved is a contact sport."

After these actions were commenced, and in response to Title IX and the corresponding regulations, the WIAA amended the challenged provision of its constitution to read as follows:

"The Board of Control shall prohibit all types of interscholastic activity involving boys and girls competing with or against each other *except (a) as prescribed by state and federal law and (b) as determined by Board of Control interpretations of such law.*" (emphasis added)

The defendants argue that their rule is in full compliance with Title IX and its corresponding regulations. Their position is that Title IX encompasses all that is required by federal law, including the equal protection clause of the fourteenth amendment, thereby insulating their rule from constitutional challenge. The defendants urge that a constitutional attack cannot be waged against the WIAA rule until Title IX itself is determined to be unconstitutional.

■ In my opinion, the defendants' argument is meritless. The enactment of Title IX did not remove the problem of sex discrimination from constitutional concern; congressional enactments cannot preempt provisions of the Constitution. Moreover, Title IX merely created an administrative remedy, subject to judicial review, to enforce the prohibition of sex discrimination in educational programs receiving federal financial assistance. It does not displace the plaintiffs' right to enforce the commands of the fourteenth amendment through an action under 42 U.S.C.§ 1983. See *Cannon v. University of Chicago,* 559 F.2d 1063, 1072 n.9 (7th Cir. 1976).

Originally, the plaintiffs argued that the WIAA rule was unconstitutional on its face and as applied. The amended rule, however, permits coeducational athletic activity to the extent required by federal law. The claim of facial unconstitutionality is therefore no longer tenable, but the claim of unconstitutional application remains.

In the complaints filed in these cases, the plaintiffs sought a declaration that the WIAA rule "deprives the plaintiffs and the class they represent of their constitutional rights to be free from state establishment and enforcement of sex-based exclusions unrelated to merit" and an injunction en-

joining any such rule or practice. The requested declaration was considerably broader than the declaration sought in the present motion.

The plaintiffs now seek summary judgment declaring that the challenged rule, as applied, deprives the plaintiffs and their class of equal protection under any of the following circumstances:

(1) where their school does not provide a girls team in a particular sport;

(2) where the girls team in a particular sport at their school does not provide a program comparable to that maintained for boys;

(3) where the level of competition for the boys team in a particular sport is higher than the level of competition for the corresponding girls team.

The plaintiffs also seek a permanent injunction enjoining the defendants from enforcing the rule under such circumstances.

From the manner in which the plaintiffs have narrowed their demand for relief, it is apparent that they do not question whether separate teams for boys and girls, with comparable support and funding, are permissible under the fourteenth amendment. Several other courts have dealt with this problem and have approved of the concept of "separate but equal" teams for male and female high school students. *Hoover v. Meiklejohn*, 430 F.Supp. 164 (D.Colo.1977); *Ritacco v. Norwin School District*, 361 F.Supp. 930 (W.D.Pa.1973); *Bucha v. Illinois High School Ass'n.*, 351 F.Supp. 69 (N.D.Ill.1972). Because of the form of relief requested by the plaintiff, the question whether the doctrine of "separate but equal" is proper in this context is not before me, and I make no ruling on that subject.

With respect to "noncontact" sports, the defendants do not dispute that the plaintiffs would be denied equal protection of the laws under the first two circumstances listed above. They argue, however, that Title IX permits different treatment of male and female students insofar as "contact" sports are concerned. The defendants disagree that the plaintiffs have a valid constitutional grievance under the third circumstance.

The defendants' argument that Title IX permits different treatment of boys and girls insofar as "contact" sports are concerned must be rejected in view of my determination that in this case the defendants' rule and policies must be measured against the fourteenth amendment, rather than Title IX.

In its present posture, the case is therefore reduced to the following two issues: First, have the defendants violated the equal protection clause by denying female high school students the opportunity to qualify for a position on a boys varsity interscholastic team engaging in a contact sport where no separate team is provided for girls, or where the separate team provided does not have a comparable program? Secondly, as to both contact and noncontact sports, does the equal protection clause of the fourteenth amendment require that female high school students be permitted to attempt to qualify for a position on a boys varsity interscholastic team where the boys team has a higher level of competition than the corresponding girls team? The second issue will be addressed first.

## A. Equal Levels of Competition

There is no dispute that the WIAA rule in question and the defendants' application of the rule is an intentional discrimination, i. e., for what they deem to be legitimate purposes, the defendants intentionally treat boy and girl athletes differently. Since an intentional discrimination is involved, the fourteenth amendment's equal protection clause is implicated. *Washington v. Davis*, 426 U.S. 229, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976).

However, there are no allegations in the instant complaints that the defendants have intentionally imposed different levels of competition on boys and girls. Any such differences arise from the abilities of the team members themselves. Thus, the plaintiffs' claim for declaratory and injunctive relief cannot encompass the concept of equal levels of competition.

B. Equal Opportunity to Participate in Contact Sports

The most recent direction from the Supreme Court as to the proper standard of review for gender-based classifications appears in *Craig v. Boren*, 429 U.S. 190, 197, 97 S.Ct. 451, 457, 50 L.Ed.2d 397 (1976):

"To withstand constitutional challenge, previous cases establish that classifications by gender must serve important governmental objectives and must be substantially related to achievement of those objectives."

The governmental objective posited by the defendants is the prevention of injury to female athletes. The defendants argue that "anatomical and physiological differences between boys and girls" and "differences in athletic abilities" justify the prohibition of coeducational teams in contact sports. The defendants offer affidavits to support the proposition that anatomical and physiological differences between boys and girls will leave girls exposed to an unreasonable risk of injury if they were to compete with or against boys.

■ The plaintiffs do not dispute that the defendants' stated objectives are legitimate, but they argue that the correlation between gender and athletic ability is too weak to withstand equal protection scrutiny. Even if the defendants' generalizations are assumed to be true, I nevertheless find that the exclusion of girls from all contact sports in order to protect female high school athletes from an unreasonable risk of injury is not fairly or substantially related to a justifiable governmental objective in the context of the fourteenth amendment.

The defendant advances no governmental objective whatsoever to justify providing boys with the opportunity to participate in varsity interscholastic competition in contact sports while *absolutely* denying the same opportunity to girls. It is doubtful that any such legitimate governmental objective exists. *Gilpin v. Kansas State High School Activities Ass'n, Inc.*, 377 F.Supp. 1233, 1243 (D.Kan.1973). The defendants do not argue that girls will be exposed to an unreasonable risk of injury in a separate girls athletic program for contact sports; they argue that girls will be exposed to an unreasonable risk of injury if allowed to compete on boys teams. However, coeducational teams are only one possible remedy for the defendants' constitutional violation. The defendants have the other two alternatives of (1) dropping all varsity interscholastic competition, and (2) establishing separate girls teams for contact sports. *Hoover*, 430 F.Supp. at 172, holds that any of these three options will result in constitutionally valid treatment of male and female students. As noted previously, the demand for relief of the plaintiffs at bar would be met by the establishment of separate girls teams with a comparable program; thus, I need not decide whether the concept of separate girls teams presents a problem of equal protection.

■ The state public schools are under no constitutional compulsion to provide interscholastic competition in any sport, but once they choose to do so, this educational opportunity must be provided to all on equal terms. *Brown v. Board of Education of Topeka*, 347 U.S. 483, 493, 74 S.Ct. 686, 98 L.Ed. 873 (1954). Although the plaintiffs do not have a constitutional right to compete on boys teams in contact or noncontact sports, the defendants may not afford an educational opportunity to boys that is denied to girls.

It should be noted, however, that a denial of equal protection exists only where members of the plaintiff class request and are denied the opportunity to participate in a particular varsity interscholastic sport. As the Colorado district court observed in *Hoover*, supra, at 170:

"There may be differences depending upon the effects of such neutral factors as the level of student interest and geographic locations. Accordingly, the standard should be one of comparability, not absolute equality."

The defendants' affidavits state that since the commencement of this litigation, sports programs for girls have been established where sufficient interest has been shown.

These considerations may properly be taken into account by the defendants in their future application of the WIAA rule in question.

## III. COSTS AND REASONABLE ATTORNEY'S FEES

The plaintiffs' motion also seeks an order directing the defendants to reimburse the plaintiffs for their costs and disbursements and directing the defendants to pay for the plaintiffs' reasonable attorney's fees.

The defendant WIAA states in its brief in response to the plaintiffs' motion that it reserves argument on the issue of attorney's fees and that it will respond "if and when those arguments are appropriate." The defendants, other than the WIAA, in case no. 73–C–269, oppose any award of attorney's fees because the defendants are allegedly in compliance with Title IX.

■ In my judgment, an award of costs and reasonable attorney's fees pursuant to 42 U.S.C. § 1988, as amended by Pub.L.No. 94–559, 90 Stat. 2641 (December 14, 1976), is appropriate. *Bond v. Stanton*, 555 F.2d 172 (7th Cir. 1977). However, the amount to be awarded will not be determined until the plaintiff submits an itemized request for fees and the defendants have had the opportunity to respond to the reasonableness of the request.

## IV. NOTICE

The plaintiffs' motion also requests an order directing that notice be disseminated to the plaintiff class through publication in the WIAA newsletter to member schools, and by requiring that the member schools inform their respective student bodies. The defendants have not responded to this proposed procedure.

■ These consolidated cases are class actions under Rule 23(b)(2), Federal Rules of Civil Procedure. By its terms, the notice requirements of Rule 23(c)(2) apply only to class actions certified under Rule 23(b)(3). Therefore, notice to the members of the plaintiff class is not required. *Redhail v. Zablocki*, 418 F.Supp. 1061 (E.D.Wis.1976),

probable jurisdiction noted 429 U.S. 1089, 97 S.Ct. 1096, 51 L.Ed.2d 534 (1977). Furthermore, I find no special circumstances which require that notice be given to the members of the plaintiff class pursuant to Rule 23(d)(2). Id. Therefore, I decline to enter any order regarding notice to the plaintiff class.

## V. CONCLUSION

Therefore, IT IS ORDERED that the plaintiffs' motion for certification as a class action in case no. 73–C–269 be and hereby is granted.

IT IS ALSO ORDERED that the plaintiffs' motion for consolidation of case no. 73–C–269 with case no. 75–C–174 be and hereby is granted.

IT IS FURTHER ORDERED that summary judgment be and hereby is granted to the plaintiffs as follows:

It is declared that the defendants' exclusion of the plaintiffs and the class they represent from participation in a varsity interscholastic athletic program in a particular sport where such a program is provided for male students violates the equal protection clause of the fourteenth amendment.

The defendants are hereby permanently enjoined from excluding the plaintiffs and the class they represent from participation in a varsity interscholastic athletic program in a particular sport where such a program is provided for male students.

IT IS FURTHER ORDERED that the plaintiffs submit an itemized request for attorney's fees by February 1, 1978; the defendants may respond by February 15, 1978; and the plaintiffs may reply by February 24, 1978.