**Stephani SAINT, Plaintiff,**

v.

**NEBRASKA SCHOOL ACTIVITIES ASSOCIATION, et al., Defendants.**

**No. CV. 88–0–81.**

United States District Court, D. Nebraska.

Feb. 3, 1988.

Donald B. Fiedler, Omaha, Neb., for plaintiff.

William D. Kunster, Lincoln, Neb., for defendants.

## MEMORANDUM OPINION

STROM, Chief Judge.

This matter is before the Court on plaintiff's application for a temporary restraining order (Filing No. 1). Pursuant to Fed. R.Civ.P. 65, plaintiff seeks a temporary restraining order restraining the Nebraska School Activities Association (NSAA) from refusing to permit her to wrestle on the high school boys' wrestling team.[1]

The plaintiff, Stephani Saint, is sophomore at St. Joseph High School in Omaha, Nebraska, who wants to participate on the high school wrestling team. St. Joseph High School has no wrestling team for girls and thus, Ms. Saint requested permission to try out for the boys' team. However, according to the rules of the NSAA[2] girls may not participate on the boys' team. Ms. Saint, through Larry Molacek, the wrestling coach at St. Joseph, and Edward Kentch, the school principal, requested a waiver of Article I-A, § 21, of the NSAA bylaws which would permit her to wrestle with the boys' team.[3] This request was denied by James Riley, the Executive Director of the NSAA, and plaintiff appealed this decision to the NSAA Board of Control. The Board of Control upheld the decision of the Executive Director and stated that the following factors were considered in reaching this decision: the safety of the athlete; weight loss concerns; and the fact that Stephani has had no previous competitive wrestling experience, thus raising the potential for an unsafe situation. Ms. Saint then sought relief in this Court claiming that the acts of the defendants violate the equal protection clause of the Fourteenth Amendment to the United States Constitution and the Civil Rights Act, 42 U.S.C. § 1983, and has requested that the defendants be restrained from refusing to permit her to wrestle on the St. Joseph boys' wrestling team.

1. While plaintiff's motion is for a temporary restraining order, defendants were afforded notice in this matter and thus, the procedure followed is not fundamentally different from that of a preliminary injunction. As an adversary hearing was held and the temporary restraining order will be entered for an indeterminate period of time, the temporary restraining order is treated similarly to a preliminary injunction. Further, at a hearing on January 27, 1988, the parties agreed to combine the application for the temporary restraining order with that for the application for preliminary injunction. *See* C. Wright and A. Miller, *Federal Practice & Procedure: Civil* § 2951 (1973).

2. The NSAA is a voluntary organization of the public and parochial schools of Nebraska, organized for the purpose of promoting and regulating the competition between schools in what is generally known as extra curricular activities.

3. Article I-a, § 21 of the NSAA bylaws states:

Equal opportunity for participation—Interscholastic athletics involving boys and girls competing with or against each other are prohibited except as prescribed by state and federal law, and as determined by the Board of Control interpretations of such law.

A member school may sponsor separate teams for students of each sex where selection for such team is based upon competitive skill or the activity involved is a contact sport. If a school sponsors a team for members of the other sex, and athletic opportunities for the members of the sex have previously been limited, members of the excluded sex must be allowed to try out for the team offered unless the sport involved is a contact sport.

Contact sports include wrestling, football, soccer, basketball and other sports, the purpose of major activity of which involves bodily contact.

A hearing was held on the issuance of the restraining order on January 27, 1988. Evidence has been submitted and the Court has heard the oral arguments of the parties. After careful consideration of this matter, this Court has decided to grant a temporary restraining order restraining the defendants from refusing to allow Ms. Saint to wrestle on the boys' team.

In making the determination whether preliminary relief should be granted, the Court must consider the following factors: the threat of irreparable harm to the movant; the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; the probability that movant will succeed on the merits; and the public interest. *Dataphase Systems, Inc. v. C.L. Systems*, 640 F.2d 109, 113 (8th Cir.1981).

## IRREPARABLE INJURY

The plaintiff claims that she will suffer irreparable injury if she is not permitted to wrestle with the team. Specifically, she claims that for every day she is not a member of the wrestling team, she is harmed. Further, she claims that this harm is of the type that cannot be remedied for the time lost to develop her athletic skills in this sport is irretrievable.

However true plaintiff's claim may be, when an alleged deprivation of constitutional rights is involved, no further showing of irreparable injury is necessary. *Planned Parenthood v. Citizens for Community Action*, 558 F.2d 861 (8th Cir.1977) (citing 11 C. Wright and A. Miller, *Federal Practice and Procedure: Civil* § 2948 at 440 (1973). As the plaintiff has alleged such violations, the threat of irreparable injury is present.

## BALANCING THE EQUITIES

The defendants, on the other hand, will suffer no discernible harm if this Court grants a restraining order. The sole harm claimed by the defendants is that they will lose their ability to enforce NSAA eligibility rules. The harm that the defendants will suffer is negligible when compared to the harm the plaintiff will suffer should this Court not act. Thus, the balance of equities tips greatly in favor of the plaintiff.

## PROBABILITY OF SUCCESS ON THE MERITS

The third factor to be assessed in this determination is the likelihood that plaintiff will prevail on the merits. This factor is not to be applied with mathematical precision, but is only one factor to be weighed in the flexible, pragmatic approach adopted by the Eighth Circuit. *Dataphase*, 640 F.2d at 113. Further, this factor is not determinative of how a court must rule; rather, it must be considered and balanced with the comparative injuries of the parties. *Id.*

Where, as here, the balance of equities tips in favor of the movant, it is sufficient if the movant "has raised questions so serious and difficult as to call for more deliberate investigation." *Id.* The plaintiff has raised such questions and, in addition, has demonstrated a reasonable probability of success on the merits.

Discrimination on the basis of gender is subject to scrutiny under the equal protection clause of the Fourteenth Amendment and will be permitted only where there is "exceedingly persuasive justification" showing at least that the classification serves "important governmental objectives and that the discriminatory means employed are substantially related to the achievement of those objectives." *Mississippi University for Women v. Hogan*, 458 U.S. 718, 723–25, 102 S.Ct. 3331, 3335–36, 73 L.Ed.2d 1090 (1982) (quoting *Kirchberg v. Feenstra*, 450 U.S. 455, 461, 101 S.Ct. 1195, 1199, 67 L.Ed.2d 428 (1981), and *Wangler v. Druggists Mutual Insurance Co.*, 446 U.S. 142, 150, 100 S.Ct. 1540, 1545, 64 L.Ed.2d 107 (1980)).

In this matter, the governmental objective, the protection of the health and safety of the female athletes, is an important objective. This Court must, therefore, determine whether the "requisite direct, substantial relationship between objective and means is present." *Mississippi University*

*for Women,* 458 U.S. at 725, 102 S.Ct. at 3337. To demonstrate that the NSAA rule is substantially related to furthering that objective, the NSAA offered evidence from Harold B. Falls, Jr., Ph.D., a specialist in sports medicine and physical fitness, stating that school-age females are generally at a competitive disadvantage in co-ed contact sports. Specifically, Dr. Falls states that school age females have a smaller total body mass with less of the total mass being muscle and more being fat tissue; female strength levels are less than that for males; female speed capabilities are not comparable to the male; and female muscle power output is considerably less than than of males. Further, Dr. Falls concludes that in the case of allowing a female to wrestle with a male, these differentials are "sufficiently great enough to create a significant competitive disadvantage for the female and raise her potential for injury to a high level." Affidavit of Dr. Falls, Exhibit E.

This information, however accurate, does little to support the defendants' position for it contains nothing more than generalized statements applicable to typical school-age females in the population at large. Nowhere in the affidavit of Dr. Falls does he state that Ms. Saint is incapable of joining the wrestling team. In fact, the plaintiff has shown that she is physically capable to join the team.

Under NSAA regulations, if a school sponsors a team for members of one sex and athletic opportunities for members of the opposite sex have previously been limited, members of the excluded sex must be allowed to try out for the team offered unless the sport is a contact sport. The justification for this rule is the safety of the students, specifically, to prevent injuries. However, the testimony of James Riley established that in the past, two female students were permitted to play football in NSAA activities. For the NSAA to permit females to participate in co-ed football, a sport described by Dr. Falls as a "dangerous sport," where the contact is "more on the order of collision than mere contact," and the risk of injury is "more than six times greater for football players" than for other sports, and then refuse to let females wrestle because of safety concerns is inconsistent.

Thus, in regard to permitting girls to participate in wrestling, the NSAA rules, under the guise of protecting the safety of these girls, insure that no girl, simply because she is a girl, will even be given the chance to show that she is capable of being on a wrestling team. Yet, nowhere in the rules does the NSAA absolutely prohibit weak male students from wrestling. Any boy may join the wrestling team, regardless of his body size, strength level, speed capability, muscle power output or any other factor which might have a bearing on his potential for injury. Such a paternalistic gender-based classification, that is, one resulting from "ascribing a particular trait or quality to one sex, when not all share that trait or quality," is not only "inherently unfair, but generally tends only to perpetuate 'stereotypical notions' regarding the proper roles of men and women." *Force by Force v. Pierce City, R-VI School District,* 570 F.Supp. 1020, 1029 (W.D.Mo. 1983). Thus, the NSAA's rules work to exclude qualified member of the female gender not for any substantial reason, but only "because they are presumed to suffer from an inherent handicap or to be innately inferior." *Mississippi University for Women,* 458 U.S. at 725, 102 S.Ct. at 3336.

In short, the facts of this case do not reveal a substantial relationship between a rule prohibiting females from joining the wrestling team and the protection of the health and safety of female students. In view of the facts of this case and the overwhelming amount of case law in support of Ms. Saint's position, the plaintiff has shown a high probability of success on the merits.[4]

### PUBLIC INTEREST

The final factor to be assessed in this matter is the public interest. Specifically,

4. The case law in support of plaintiff's position includes: *Fortin v. Darlington Little League, Inc.,* 514 F.2d 344 (1st Cir.1975); *Morris v. Michigan State Board of Education,* 472 F.2d 1207 (6th Cir.1973); *Lantz by Lantz v. Ambach,* 620 F.Supp. 663 (S.D.N.Y.1985); *Force by Force v. Pierce City, R-VI School District,* 570 F.Supp. 1020 (W.D.Mo.1983); *Leffel v. Wisconsin Inter-*

the Court must gauge whether the granting of temporary relief might further injure the public interest. In this matter, the public interest will be served by the granting of the restraining order as the plaintiff is seeking to prevent violations of her constitutional rights. As such, restraining the defendants from refusing to permit her to wrestle on the team serves the public interest to the extent that the plaintiff's constitutional rights will be determined on the merits because irreparable injury occurs. In addition, no public interest will be injured by the issuance of this order.

In balancing these factors, this Court finds that Stephani Saint has shown a reasonable probability of success on the merits in this claim and further that without the issuance of a temporary restraining order in this matter she will be irreparably injured. Thus, pending the outcome of trial on the merits of this case, this Court will issue a temporary restraining order restraining the NSAA from refusing to permit Stephani Saint to wrestle on the St. Joseph High School boys' wrestling team. A separate order will be issued this date in conformity with this opinion.

scholastic Athletic Association, 444 F.Supp. 1117 (E.D.Wisc.1978); Hoover v. Meiklejohn, 430 F.Supp. 164 (D.Colo.1977); Carnes v. Tennessee Secondary School Athletic Association, 415 F.Supp. 569 (E.D.Tenn.1976); Clinton v. Nagy, 411 F.Supp. 1396 (N.D.Ohio 1974); Reed v. Nebraska School Activities Association, 341 F.Supp. 258 (D.Neb.1972).